-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN BANKS,

        Petitioner,

              v.

MICHAEL P. McGINNIS, Superintendent

        Respondent.
_____

**ORDER**
04-CV-0061F

        Petitioner filed a petition for habeas corpus relief on January 28, 2004 (Doc. No. 1). Petitioner was granted leave to proceed *in forma pauperis* by order dated February 6, 2004 (Doc. No. 3). Respondent filed a memorandum of law and response to the petition on March 18, 2004 (Doc. Nos. 4, 6).

        Petitioner has now applied to the Court for appointment of counsel (Doc. No. 14).[1] Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

        It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1(1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules

---

[1] At the time petitioner submitted the application for the appointment of counsel, he also filed a motion for leave to proceed *in forma pauperis* (Doc. No. 13). Inasmuch as petitioner had previously applied for, and was granted, leave to proceed *in forma pauperis* in this proceeding (Doc. Nos. 2, 3), the court will deny as moot this second application to proceed *in forma pauperis*.

Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. The petition is based on the following claims: denial of the effective assistance of trial counsel; denial of the effective assistance of appellate counsel; insufficiency of trial evidence to support petitioner's conviction; erroneous jury instructions; improper trial summation by the prosecutor; insufficient proof of unanimous jury verdict; improprieties by the trial court at sentencing. It does not appear at this time that petitioner needs the assistance of counsel to present these claims, which appear to be ones which can be addressed and reviewed solely by means of the record already before the Court.

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   June 28, 2006
         Buffalo, New York